PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4080
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00020-NODJ-BAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| JOHNNIE MCGILL, | DATE: April 24, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |
| Defendant. | |

**BACKGROUND**

This case is set for status conference on April 24, 2024. The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or

finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on April 24, 2024.

2. By this stipulation, the defendant moves to continue the status conference to August 14, 2024 and exclude time between April 24, 2024 and August 14, 2024, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government provided discovery to the defense on January 29, 2024. The discovery consists of investigative reports, photographs, and other information.

    b) Counsel for defendant had technical issues accessing the discovery and contacted the U.S. Attorney's Office for assistance, which was provided. Counsel for the defendant desires additional time to consult with her client, review the discovery, and conduct an independent investigation. Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    c) The Government plans to make a plea offer in this case and will need time to discuss it with the defense counsel. Defense counsel will need time to review the plea, conduct her own evaluation of the guidelines in this case, and eventually discuss it with her client.

    d) The government does not object to the continuance.

    e) Based on the above-stated findings, the ends of justice served by continuing the case as

requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 24, 2024 until August 14, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: April 16, 2024 | PHILLIP A. TALBERT<br>United States Attorney<br><br>/s/ ARIN C. HEINZ<br>ARIN C. HEINZ<br>Assistant United States Attorney |
| Dated: April 16, 2024 | /s/ MONICA BERMUDEZ<br>MONICA BERMUDEZ<br>Counsel for Defendant |

**ORDER**

IT IS SO ORDERED that the status conference is continued from April 24, 2024, to **August 14, 2024, at 1:00 p.m. in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:  __April 17, 2024__         /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE