PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4080
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNNIE MCGILL,<br><br>　　　　　　　Defendant. | CASE NO. 1:24-CR-00020-NODJ-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: August 14, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**BACKGROUND**

This case is set for status conference on August 14, 2024. The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or

finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on August 14, 2024.

2. By this stipulation, the defendant moves to continue the status conference to October 9, 2024 and exclude time between August 14, 2024 and October 9, 2024, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government provided discovery to the defense on January 29, 2024. The discovery consists of investigative reports, photographs, and other information.

   b) Counsel for defendant had technical issues accessing the discovery and contacted the U.S. Attorney's Office for assistance, which was provided. Counsel for the defendant has now been able to review the discovery and the parties are engaged in plea discussions.

   c) The parties have not been able to fully engage in plea negotiations because of *United States v. Duarte*, 101 F. 4th 657 (9th Cir. 2024). The parties were assessing how this opinion impacted this case in light of the defendant's criminal history. However, this ruling was recently vacated. As such, the Government plans to make a plea offer to the defendant by August 14,2024.

   d) Counsel for the defendant will need time to consult with her client about the plea, in light of the discovery, and conduct an independent investigation. Counsel for defendant believes that failure to grant the above-requested continuance would deny her the

    reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  e) The government does not object to the continuance.

  f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 14, 2024 until October 9, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: August 7, 2024 | PHILLIP A. TALBERT<br>United States Attorney |
| | /s/ ARIN C. HEINZ<br>ARIN C. HEINZ<br>Assistant United States Attorney |
| Dated: August 7, 2024 | /s/ MONICA BERMUDEZ<br>MONICA BERMUDEZ<br>Counsel for Defendant |

STIPULATION     3

## ORDER

IT IS SO ORDERED that the status conference is continued from August 14, 2024, to **October 9, 2024, at 1:00 p.m. in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated: __August 8, 2024__         /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE